UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN MEDICAL TECHNOLOGIES, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 1:08-cv-00319 (JDB) |
| MICHAEL O. LEAVITT, Secretary, U.S. Department of Health and Human Services, | ) ) ) ) ) |
| Defendant. | ) ) ) |

**DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME
TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT**

Pursuant to Fed. R. Civ. P. 6(b)(1), Defendant Michael O. Leavitt, the Secretary of Health and Human Services ("the Secretary"), by and through his undersigned counsel, respectfully moves this Court for a sixty-day enlargement of time, up to and including July 7, 2008, to answer or otherwise respond to Plaintiff's Complaint. In support of the instant motion, the Secretary states as follows:

1. Plaintiff instituted this action with the filing of the Complaint on February 25, 2006.

2. Plaintiff's Complaint was received by the Office of the United States Attorney for the District of Columbia on March 4, 2008. Thus, the current deadline for the Secretary's response to Plaintiff's Complaint is May 5, 2008. Fed. R. Civ. P. 6(a), 12(a)(2). See Adatsi v. Mathur, 934 F.2d 910, 911-12 (7th Cir. 1991) ("service is complete only when the acknowledgment form is executed"); Morse v. Elmira Country Club, 752 F.2d 35, 41 (2d Cir. 1984) ("mail service was effective where the recipient received the mail and accordingly

obtained actual notice").

   3.  Plaintiff, a Medicare supplier of non-bordered composite dressings for wound care, alleges various unlawful actions by the Centers for Medicare & Medicaid Services ("CMS") and several Medicare contractors, which purportedly deprived Plaintiff of both Medicare reimbursement and its administrative appeal rights. (Complaint at ¶¶1-2.) Specifically, Plaintiff alleges that the term "composite dressings" was redefined unlawfully, and certain procedure codes were also revised unlawfully. (Id. at ¶¶25-28.) Plaintiff further alleges that the revised definition and codes were applied inconsistently by various Medicare contractors, some of which rejected Plaintiff's claims as invalidly coded and thus not subject to administrative appeal. (Id. at ¶¶46-48.) Plaintiff alleges subject matter jurisdiction under the federal question statute, 28 U.S.C. § 1331. (Id. at ¶4.)

   4.  Plaintiff's Complaint does not include a challenge to the lawfulness of a Medicare regulation or a specific final decision of the Secretary following an administrative appeal, and thus there is no extant administrative record pertaining to Plaintiff's allegations in the Complaint. Due to the unavailability of an extant administrative record, Defendant's counsel must investigate Plaintiff's allegations independently of such record. Specifically, the Secretary's agency counsel must investigate the allegations in the Complaint about:

   (a)  Plaintiff's business and the manufacturers of the medical supplies at issue, (see Complaint at ¶¶6-7, 17-19);

   (b)  certain offices, units, workgroups, and coordinators within CMS, (see id. at ¶¶31-32, 34, 41-42);

   (c)  four Durable Medical Equipment Medicare Administrative Contractors

("DME-MACs"), (see id. at ¶¶11, 22, 46, 48);

        (d)      three Medicare Durable Medical Equipment Program Safeguard Contractors ("DME PSCs"), the named medical directors of the three DME PSCs, and a "former DMERC" (i.e., Durable Medical Equipment Regional Carrier), (see id. at ¶¶12, 23-26, 28-29, 31, 36-40, 42-44, 47);

        (e)      various Healthcare Common Procedure Coding System ("HCPCS") codes and "Policy Articles" issued by certain Medicare contractors, (see id. at ¶¶14, 19-21, 24-38, 42-44);

        (f)      the Medicare Statistical Analysis Durable Medical Equipment Regional Carrier ("SADMERC") and the SADMERC HCPCS Unit, (see id. at ¶¶15, 19-21, 30);

        (g)      the alleged "medical justification" for, and the "expert medical opinions" regarding, certain actions of CMS and several Medicare contractors, (see id. at ¶¶39-41);

        (h)      the nearly 38,000 decisions allegedly issued by various administrative law judges and other administrative appeals tribunals within the Social Security Administration ("SSA") and the Department of Health and Human Services ("HHS"), (see id. at ¶22); and

        (i)      the amount of Medicare reimbursement and the number of claims allegedly denied during a thirteen month period, (see id. at ¶45).

5.      The Secretary's agency counsel will need much additional time to investigate Plaintiff's many detailed allegations (summarized in paragraph 4 above), consult with the agency as necessary, and prepare an appropriate response to Plaintiff's Complaint.

6.      In order to allow sufficient time for the Secretary's counsel to investigate the many detailed allegations in Plaintiff's Complaint, consult with the agency as necessary, and

prepare an appropriate response to Plaintiff's Complaint while also meeting counsel's pending deadlines and responsibilities in other litigation, the Secretary respectfully requests an enlargement of time of sixty days, up to and including July 7, 2008, within which to answer or otherwise respond to Plaintiff's Complaint.

7.      In accordance with Local Civil Rule 7(m), Defendant's counsel has contacted Plaintiff's counsel regarding the within motion. Plaintiff's counsel stated that Plaintiff opposes the Secretary's instant motion for a 60-day enlargement of time to respond to Plaintiff's Complaint. Plaintiff's counsel also asked that Defendant attach to this motion a letter he drafted in response to the substance of this motion. That letter is attached hereto.

8.      This request is made in good faith and not for purposes of delay.

9.      The Secretary has not previously requested or been given an extension of time to respond to Plaintiff's Complaint.

10.     There are no other previously scheduled deadlines in this case.

A proposed Order is attached.

Respectfully submitted,

　　　　　/s/　　　　　
JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610

　　　　　/s/　　　　　
CHRISTOPHER B. HARWOOD
Assistant United States Attorney
United States Attorney's Office
　　　for the District of Columbia
555 Fourth Street, N.W.
Washington, DC 20530
(202) 307-0372

                    /s/
GERARD KEATING
Attorney
U.S. Department of Health and
      Human Services
Office of the General Counsel
Room 5309 Cohen Building
330 Independence Ave., S.W.
Washington, D.C. 20201
(202) 619-3377
Facsimile: (202) 401-1405

Counsel for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN MEDICAL TECHNOLOGIES, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:08-cv-00319 (JDB) ) |
| MICHAEL O. LEAVITT, Secretary, U.S. Department of Health and Human Services, | ) ) ) ) ) |
| Defendant. | ) ) |

## **ORDER**

Having considered Defendant's Motion for Enlargement of Time to Answer or Otherwise Respond to Plaintiff's Complaint, and the entire record herein, it is this _____ day of May, 2008,

ORDERED that Defendant's Motion for Enlargement of Time to Answer or Otherwise Respond to Plaintiff's Complaint is hereby granted, and it is

FURTHER ORDERED that Defendant shall have up to and including July 7, 2008 to answer or otherwise respond to Plaintiff's Complaint.

_____
UNITED STATES DISTRICT JUDGE

Copy to:  ECF Counsel

# FULBRIGHT & JAWORSKI L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP
801 PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C. 20004-2623
WWW.FULBRIGHT.COM

FROBINSON@FULBRIGHT.COM  
DIRECT DIAL: (202) 662-4534

TELEPHONE:  (202) 662-02  
FACSIMILE:  (202) 662-46

May 2, 2008

**BY ELECTRONIC MAIL**

Gerard Keating
United States Department of Health and Human Services
Office of Counsel to the Inspector General
330 Independence Avenue, S.W.
Cohen Building, Room 5309
330 Independence Avenue, S.W.
Washington, DC 20201-0001

    Re:    *American Medical Technology Inc, v. Leavitt*

Dear Mr. Keating:

    I am writing in response to your request for a 60-day extension of the government's answer date in the above-referenced matter. Your request was made during our telephone call on Wednesday, April 30.

    Service in this case was made on February 25, 2008, when the summons and complaint were sent to the United States Attorney, the Attorney General and the CMS by certified mail. Accordingly, the government's answer was due on April 26. In our call, you indicated that the summons and complaint were not received by the U.S. Attorney's office until March 4.[1] We believe, however, the date of receipt is not the triggering event on the 60-day clock.

    Although your request for an extension of time was not made until after the deadline for your answer had passed, we would be willing to extend the government's answer date to May 31. We will not agree to a sixty-day extension. We do not believe it will take you two months to conduct a diligent inquiry into the allegations in the complaint, especially since we believe that CMS's contractors are very familiar with the facts alleged in the complaint.

---

[1] Our certified mail receipt shows that the summons and complaint were received by the U.S. Attorney's office on March 3.

55231997.1
AUSTIN • BEIJING • DALLAS • DENVER • DUBAI • HONG KONG • HOUSTON • LONDON • LOS ANGELES • MINNEAPOLIS
MUNICH • NEW YORK • RIYADH • SAN ANTONIO • ST. LOUIS • WASHINGTON DC

Gerard Keating
May 2, 2008
Page 2

      If you should move the court for an extension beyond May 31, I would appreciate your attaching this letter as an exhibit to that motion.

                                            Very truly yours,

                                            Rick Robinson

cc:    Lori Bellan
       India Brim

55231997.1