UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN MEDICAL TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL O. LEAVITT, Secretary, U.S. Department of Health and Human Services, <br><br> Defendant. | Case No. 1:08-cv-00319 (JDB) |

## ANSWER

Defendant Michael O. Leavitt, the Secretary of Health and Human Services ("the Secretary" or "Defendant"), by and through his undersigned counsel, answers Plaintiff's Complaint ("the Complaint") as follows:

### FIRST DEFENSE

Plaintiff's claims in this action arise solely under Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395-1395hhh ("the Medicare statute"), and the Court's subject matter jurisdiction is limited to review of any final agency decision that is within the scope of 42 U.S.C. § 1395ff(b)(1)(A).

### SECOND DEFENSE

Plaintiff's claims for reimbursement under the Medicare program are barred on the grounds of estoppel, laches, res judicata, statute of limitations, and waiver.

### THIRD DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## FOURTH DEFENSE

Using the same paragraph numbering as the Complaint, the Secretary answers Plaintiff's specific allegations in the Complaint as follows:

1. This paragraph contains Plaintiff's characterization of this action, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.

2. Denies.

3-5. These paragraphs contain conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to the cited statutory provisions for a full and accurate statement of their contents.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph; to the extent a response to those allegations is deemed necessary, denies. Admits the second sentence.

7. Admits the first and second sentences of this paragraph. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence; to the extent a response to those allegations is deemed necessary, denies.

8. Admits the first sentence of this paragraph. Denies the second sentence, except to admit that the Secretary is responsible for certain conduct and policies of the Department of Health and Human Services ("HHS"), the Centers for Medicare & Medicaid Services ("CMS"), and various contractors employed by CMS to facilitate specific aspects of the administration of the Medicare program. Admits the third sentence.

9. Admits.

10.  This paragraph contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to 42 U.S.C. §§ 1395j - 1395w-4 and 42 C.F.R. Part 410 for a full and accurate description of the scope of benefits under Medicare Part B, including covered Durable Medical Equipment, Prosthetics, Orthotics and Supplies ("DMEPOS").

11.  Denies the first sentence of this paragraph, except to admit that claims for DMEPOS items and services are submitted to one of four Durable Medical Equipment Medicare Administrative Contractors ("DME MACs") which have succeeded the former Durable Medical Equipment Carriers ("DMERCs"), and that the DME MACs (like the former DMERCs) process such claims on behalf of CMS.  Admits the second and third sentences.  Denies the fourth sentence, except to admit that the DME MACs and the former DEMERCs have processed Medicare reimbursement claims on behalf of CMS.  Defendant avers that the many other Medicare responsibilities of the DME MACs and the former DMERCs have included some involvement in the development, approval, and adoption of coverage guidelines or policies within their respective jurisdictions.

12.  Admits the first sentence of this paragraph.  Denies the second sentence, except to admit that from March 1, 2006 through February 29, 2008, the Medicare Durable Medical Equipment Program Safeguard Contractors ("DME PSCs") were responsible for creating Medicare coverage guidelines, formulating local coverage determinations ("LCDs"), and conducting medical review and utilization review of claims within their respective jurisdictions.  Admits that the third sentence accurately identifies the DME PSCs and their respective Jurisdictions and former Medical Directors, but denies that the three named physicians are

currently Medical Directors for the DME PSCs.

13-14.  These paragraphs contain conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to the cited statutory and regulatory provisions, and to 65 Fed. Reg. 50367 (Aug. 17, 2000), for a full and accurate statement of their contents.

15.  Denies the first sentence of this paragraph, except to admit that the Medicare Statistical Analysis Durable Medical Equipment Regional Carrier ("SADMERC") provides services under contract with, and on behalf of, CMS on a nationwide basis.  Admits the second sentence.  Denies the third sentence, except to admit that the SADMERC performs limited coding functions for oral anti-cancer drugs; assists CMS in obtaining manufacturer suggested retail prices for use with the DMEPOS fee schedules; and analyzes data on the utilization of the Healthcare Common Procedure Coding System ("HCPCS") codes in order to determine unreasonable or excessive reimbursement amounts.  Denies the fourth sentence, except to admit that the SADMERC responds to requests for advice on the proper HCPCS codes for products with previously designated codes, in addition to providing HCPCS code assignment reviews for products without previously designated codes.

16.  This paragraph contains conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to 42 U.S.C. § 1395m and 42 C.F.R. Part 414, Subparts C and D, for a full and accurate description of the Medicare fee schedule payment methodology for covered DMEPOS items and services.

17.  Admits the first sentence of this paragraph.  Defendant lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in the second sentence; to the extent a response to those allegations is deemed necessary, denies. Admits the third sentence.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; to the extent a response to those allegations is deemed necessary, denies.

19. Denies this paragraph, except to admit that MPM Medical, Inc. ("MPM") and Medline Industries, Inc. ("Medline") requested and received coding assignments from the SADMERC for products under HCPCS codes A6200, A6201, and A6202.

20. Denies this paragraph, except to admit that the SADMERC assigned products from MPM and Medline to HCPCS codes A6200, A6201, and A6202 in December 2004 and in April 2006, respectively, and that the narrative "descriptor" for each of these HCPCS codes is described accurately in the second sentence of this paragraph.

21. Denies this paragraph, except to admit that Plaintiff has submitted Medicare reimbursement claims with HCPCS codes A6200, A6201, and A6202.

22. Denies the first and second sentences of this paragraph, except to admit that the DME MACs and the former DMERCs have denied for lack of medical necessity an unknown number of Plaintiff's Medicare reimbursement claims with HCPCS codes A6200, A6201, and A6202. Regarding the third sentence, admits that Plaintiff has filed an unknown number of administrative appeals of Medicare reimbursement claim denials and that Administrative Law Judges ("ALJs") have reversed an unknown number of Plaintiff's reimbursement claim denials, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in the third sentence; to the extent a response to the remaining allegations is deemed necessary, denies.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth, fifth, and sixth sentences; to the extent a response to those allegations is deemed necessary, denies.

23. Admits the first sentence of this paragraph.  Denies the second sentence, except to admit that the ALJs, in reversing an unknown number of Plaintiff's Medicare reimbursement claim denials, did not adopt the views expressed in the testimony of the former DME PSC Medical Directors in an unknown number of cases.

24. Denies.

25. Denies the first sentence of this paragraph, except to admit that the DME PSCs revised the definition of "composite dressings."  Denies the second sentence, except to admit that from March 1, 2006 through February 29, 2008, the DME PSCs were responsible for creating Medicare coverage guidelines and policies in their respective Jurisdictions.  Defendant avers that, during the same period, the DME PSCs also worked with the SADMERC in determining the products assigned to specific HCPCS codes.

26. Denies the first and second sentences of this paragraph, except to admit that in September 2006 various DME PSCs, DME MACs, and DMERCs ("DME contractors") issued Bulletin Articles notifying Medicare suppliers that the definition of "composite dressings" was revised, effective October 1, 2006.  Denies the third sentence, except to admit that in March 2007 the DME contractors issued a Policy Article that incorporated the revised definition of "composite dressings" from the DME contractors' September 2006 Bulletin Articles.  Denies the fourth sentence, except to admit the DME contractors have used both Policy Articles and

Bulletin Articles as a means of informing suppliers about various changes in Medicare guidelines within their respective jurisdictions. The fifth sentence contains Plaintiff's characterization of the DME contractors' March 2007 Policy Article that incorporated the revised definition of "composite dressings," not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to the full text of the March 2007 Policy Article, (see Plaintiff's Complaint at ¶ 28 (quoting the March 2007 Policy Article)), which is the best evidence of the Policy Article's contents, for a full and accurate statement of its contents.

    27-28. Admits.

    29. Denies.

    30. Denies this paragraph, except to admit that the DME contractors' March 2007 Policy Article provided that the HCPCS codes for composite dressings without adhesive borders, A6200, A6201, and A6202, were invalid for Medicare claims submission, and that the SADMERC had previously determined that certain non-bordered composite dressings were appropriately classified under HCPCS codes A6200, A6201, and A6202.

    31. Denies the first and second sentences of this paragraph, except to admit that Plaintiff contacted the Coverage and Analysis Group ("CAG") within CMS's Office of Clinical Standards and Quality ("OCSQ") about the DME contractors' September 2006 Bulletin Articles and the March 2007 Policy Article, and that CMS asked the Medical Directors of the DME PSCs to explain why HCPCS codes A6200, A6201, and A6202 were determined invalid for Medicare claims submission. Denies the third and fourth sentences, except to admit that one or more of the former Medical Directors of the three DME PSCs (Dr. Paul Hughes, Dr. Mark Pilley, and Dr.

Adrian Oleck) discussed with CMS the DME contractors' September 2006 Bulletin Articles and the March 2007 Policy Article that revised the definition of "composite dressings" and provided that the HCPCS codes for composite dressings without adhesive borders, A6200, A6201, and A6202, were invalid for Medicare claims submission. Denies the fifth sentence, except to admit that products may not be billed to Medicare under HCPCS codes A6200, A6201, and A6202 because the DME contractors' September 2006 Bulletin Articles and the March 2007 Policy Article revised the definition of "composite dressings" and provided that HCPCS codes A6200, A6201, and A6202 were invalid for Medicare claims submission.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; to the extent a response to those allegations is deemed necessary, denies.

33-35. These paragraphs contain Plaintiff's characterization of CMS's Healthcare Common Procedure Coding System (HCPCS) Level II Coding Procedures ("HCPCS Level II Coding Procedures"), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to the full text of CMS's HCPCS Level II Coding Procedures, (see www.cms.hhs.gov/medhcpcsgeninfo ), which is the best evidence of the contents of the HCPCS Level II Coding Procedures, for a full and accurate statement of their contents.

36. Admits the first sentence of this paragraph. Defendant avers that the DME PSCs did not submit a formal request to the CMS HCPCS Workgroup, before the DME PSCs revised the definition of "composite dressings" and determined that the HCPCS codes for composite dressings without adhesive borders, A6200, A6201, and A6202, were invalid for Medicare

claims submission, because the DME PSCs were not required to submit such a formal request to the CMS HCPCS Workgroup. Denies the second sentence.

37. Denies.

38. Denies this paragraph, except to admit that the DME contractors' September 2006 Bulletin Articles and the March 2007 Policy Article notified Medicare suppliers of the revised definition of "composite dressings," and the determination that the HCPCS codes for composite dressings without adhesive borders, A6200, A6201, and A6202, were invalid for Medicare claims submission.

39. Denies the first sentence of this paragraph. The second sentence contains Plaintiff's characterization of the DME contractors' March 2007 Policy Article that incorporated the revised definition of "composite dressings" and the determination that HCPCS codes A6200, A6201, and A6202 were invalid for Medicare claims submission, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to the full text of the DME contractors' March 2007 Policy Article, (see Plaintiff's Complaint at ¶ 28 (quoting the March 2007 Policy Article)), which is the best evidence of the Policy Article's contents, for a full and accurate statement of its contents. Denies the third sentence. Denies the fourth sentence, except to admit that Plaintiff provided CMS and the DME PSC Medical Directors with the written opinions of purported wound care experts who challenged the basis for the DME contractors' September 2006 Bulletin Articles and the March 2007 Policy Article.

40. This paragraph contains Plaintiff's characterization of the written opinions of purported wound care experts who challenged the basis for the DME contractors' September

2006 Bulletin Articles and the March 2007 Policy Article, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies. The Secretary respectfully refers the Court to the full text of the written opinions of the purported wound care experts, which is the best evidence of the contents of the written opinions, for a full and accurate statement of their contents.

      41-42. Denies.

      43. Denies. Defendant avers that no established CMS guidelines applied to the DME PSCs' revision of the definition of "composite dressings" and their determination that the HCPCS codes for composite dressings without adhesive borders, A6200, A6201, and A6202, were invalid for Medicare claims submission.

      44. Denies this paragraph, except to admit that Plaintiff continued to submit claims for Medicare reimbursement under HCPCS codes A6200, A6201, and A6202, after the DME contractors issued the March 2007 Policy Article incorporating the revised definition of "composite dressings" and the determination that the HCPCS codes for composite dressings without adhesive borders, A6200, A6201, and A6202, were invalid for Medicare claims submission.

      45. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph; to the extent a response to those allegations is deemed necessary, denies.

      46. Denies the first sentence of this paragraph. Denies the second sentence, except to admit that after the DME contractors' September 2006 Bulletin Articles and the March 2007 Policy Article were issued, the DME MAC for Jurisdiction A has processed and paid an

unknown number of Medicare reimbursement claims under HCPCS codes A6200, A6201, and A6202.  Denies the third, fourth, fifth, sixth, and seventh sentences, except to admit that after the DME contractors' September 2006 Bulletin Articles and the March 2007 Policy Article were issued, the DME MACs for both Jurisdiction B and Jurisdiction C have rejected as invalidly coded an unknown number of Medicare reimbursement claims under HCPCS codes A6200, A6201, and A6202, and invalidly coded claims are generally not subject to administrative appeal.  Denies the eighth sentence, except to admit that after the DME contractors' September 2006 Bulletin Articles and the March 2007 Policy Article were issued, the DME MAC for Jurisdiction D has processed and paid an unknown number of Medicare reimbursement claims under HCPCS codes A6200, A6201, and A6202.

  47.  Denies.

  48.  Denies the first sentence of this paragraph, except to admit that after the DME contractors' September 2006 Bulletin Articles and the March 2007 Policy Article were issued, the DME MAC for Jurisdiction B has rejected as invalidly coded an unknown number of Medicare reimbursement claims under HCPCS codes A6200, A6201, and A6202, and invalidly coded claims are generally not subject to administrative appeal.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, and fourth sentences; to the extent a response to those allegations is deemed necessary, denies.  Denies the fifth sentence, except to admit that after the DME contractors' September 2006 Bulletin Articles and the March 2007 Policy Article were issued, the DME MAC for Jurisdiction C has rejected as invalidly coded an unknown number of Medicare reimbursement claims under HCPCS codes A6200, A6201, and A6202, and invalidly coded claims are generally not subject

to administrative appeal.

## COUNT I

49. The Secretary hereby incorporates by reference Defendant's answers to paragraphs 1 through 48 of the Complaint, as if each answer were set forth in full.

50-52.  Denies.

53.  This paragraph contains Plaintiff's prayer for relief, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.

## COUNT II

54. The Secretary hereby incorporates by reference Defendant's answers to paragraphs 1 through 53 of the Complaint, as if each answer were set forth in full.

55-58.  Denies.

59.  Denies the first sentence of this paragraph.  The second and third sentences contain conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.  The Secretary respectfully refers the Court to 42 U.S.C. § 1395ff(b)(1)(A) and 42 C.F.R. Part 405, Subparts G, H, and I, for a full and accurate description of the administrative and judicial review provisions for certain Medicare determinations.

60-62.  Denies.

63-70.  These paragraphs contain Plaintiff's prayer for relief, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies.

Except to the extent expressly admitted or qualified above, the Secretary denies each and every allegation in the Complaint.  The Secretary respectfully requests the Court to enter

judgment affirming the validity of the challenged agency actions, dismissing the Complaint and action with prejudice, and awarding Defendant costs and such other relief as the Court may deem appropriate.

        Respectfully submitted,

           /s/
        JEFFREY A. TAYLOR
        United States Attorney
        D.C. Bar No. 498610

           /s/
        CHRISTOPHER B. HARWOOD
        Assistant United States Attorney
        United States Attorney's Office
           for the District of Columbia
        555 Fourth Street, N.W.
        Washington, DC 20530
        (202) 307-0372

           /s/
        GERARD KEATING
        Attorney
        U.S. Department of Health and
           Human Services
        Office of the General Counsel
        Room 5309 Cohen Building
        330 Independence Ave., S.W.
        Washington, D.C. 20201
        (202) 619-3377
        Facsimile: (202) 401-1405

        Counsel for Defendant